UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY G. ROGERS,

        Plaintiff,

-vs-                                                                     Case No. 8:08-cv-2581-T-33TBM

SHERIFF BOB WHITE,

        Defendant.
_____

## **ORDER**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendant Sheriff Bob White pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff is improperly attempting to hold the Defendant liable under the theory of *respondeat superior*.

### Discussion

Plaintiff Tony G. Rogers, who is a pretrial detainee at the Land O' Lakes Detention Center, alleges that he was, and is being, denied medical care by personnel at that facility. He contends that he has suffered cruel and unusual punishment; been denied medical attention, and has had "bad dentistry inflicted upon me."

Specifically, Rogers alleges:

> I came to jail with a serious dental problem. I needed antibiotics and pain medication. At first the medical staff gave me both of these medications

and I was seen by the dentist on staff at Land O' Lakes Detention Center. I had a tooth brutally extracted and given [sic] pain medication. I complained about the dentist's forceful demeanor and then I was refused services and much needed medication. I have grieved and yet they keep putting unnecessary and wanton infliction of pain.

3-27-08 [sic] I have had nine teeth extracted. Some with complications [sic] others fairly easily pulled. [sic] Some of the extractions I was given medication and others I was refused medication. On more than one occasion my mouth got infected and I had been [sic] refused help. I have grieved the medical staff, written the captians [sic] overseeing them and after threatening a civil action I had [sic] gotten much needed and delayed medications. Also I have suffered a hernia here and they will not do anything to fix it.

Plaintiff Rogers seeks compensatory, punitive, and nominal damages.

*Respondeat Superior*

Plaintiff Rogers has not mentioned Sheriff Bob White in this complaint except to name him as a Defendant. Clearly, Plaintiff Rogers is attempting to hold the Sheriff liable under the theory of *respondeat superior*. *Respondeat superior*, however, is not actionable in 42 U.S.C. §1983 complaints. The Eleventh Circuit has stated that:

> Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta*, 763 F.2d 1381, 1389 (11th Cir. 1985); *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir. 1985); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson*, 757 F.2d at 1241; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official fails to take corrective action. *Wilson*, 757 F.2d at 1241; *Sims*, 537 F.2d at 832.

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985). *See Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) in which the Eleventh Circuit stated:

> The Sheriff had no direct contact with Goebert. The basis for her claim against him is his office's supervisory responsibilities over the jail. We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions. *Cottone*, 326 F.3d at 1360. In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir.2007) (per curiam) (first and second alterations in original) (internal quotation marks omitted) (quoting *Cottone*, 326 F.3d at 1360).
>
> As we have explained, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Demonstrating a policy or custom requires "show[ing] a persistent and wide-spread practice." *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir.1986).
>
> Goebert's official capacity claim against Sheriff Scott relies on the Lee County Jail's policy of not permitting inmates to lie down during the daytime without a pass coupled with the staff's failure to issue such passes when medically necessary. The policy of not permitting inmates to lie down at their leisure during the daytime is a reasonable one. It certainly is not facially unconstitutional. Goebert's claim, in effect, is that this facially constitutional policy was implemented in an unconstitutional manner-one that ignored medical needs.
>
> Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations. *See West*, 496 F.3d at 1329 (" 'The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.' " (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)); *Mathews v. Crosby*, 480 F.3d 1265, 1271 (11th Cir.), *petition for cert. filed*, 76 U.S.L.W. 3050 (U.S. Jul. 23, 2007) (No.

07-86) (reviewing the facts in the light most favorable to the plaintiff to determine "whether [a prison warden] was put on notice by a history of widespread abuse at [the prison], or whether he had established customs or policies resulting in deliberate indifference to a prisoner's constitutional rights"); *Marsh*, 268 F.3d at 1037 ("Unless a policymaker knows of the need [to remedy an unconstitutional condition], no liability can arise from failure [to do so]."). As the Supreme Court has stated, " 'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

Goebert has not shown that the Sheriff had actual knowledge that the lie-in pass policy was being implemented in a way that ignored medical needs. There is no evidence that he knew that, if it was a fact. Nor has Goebert shown that the misapplication of the policy was so widespread that we can attribute constructive knowledge to the Sheriff. In fact, she has not shown that any other inmate had ever been denied a lie-in pass when needed for medical reasons. As a result, she has "failed to meet the 'extremely rigorous' standard for supervisory liability." *West*, 496 F.3d at 1329 (quoting *Cottone*, 326 F.3d at 1360). The district court correctly granted summary judgment to Sheriff Scott.

510 F.3d at 1331, 1332. See *also, Bozeman v. Orum*, 199 F. Supp 2d 1216 (M.D. Ala. 2002). Rogers has not met the standard for holding Defendant Sheriff Bob White liable under the theory of *respondeat superior.*

Accordingly, the Court orders:

That Plaintiff's complaint is denied. The Clerk is directed to enter judgment against Plaintiff Rogers, to terminate all pending motions, and to close this case.

ORDERED at Tampa, Florida, on January 12, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Tony G. Rogers